IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT LOUIS BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>UTAH COUNTY JAIL,<br><br>      Defendant. | REPORT AND RECOMMENDATION TO GRANT [46] DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br>Case No. 2:24-cv-00200-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 3). Before the court is Defendant Utah County Jail's (Defendant) Motion for Judgment on the Pleadings (Motion) (ECF 46). The court also considered Plaintiff Robert Louis Brown's (Plaintiff) Response (ECF 47) and Defendant's Reply (ECF 48). Also, before the court is Plaintiff's improperly filed sur-reply (ECF 49), which was not considered.[1]  Having carefully considered the relevant filings, the court finds that oral argument is unnecessary and will decide this matter on the written memoranda. See DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT Defendant's Motion.

## I.      BACKGROUND

This case concerns Plaintiff's allegations that he was booked into Utah County Jail on February 21, 2024, and was wrongly placed on a suicide watch, in violation of the Fifth Amendment (ECF 1). Of particular importance for the present Motion is the fact that the only

---

[1] Plaintiff's Sur-Reply (ECF 16) was improperly filed, as it was filed without court authorization as required under DUCivR 7-1(a)(9). Despite Plaintiffs' pro se status, he is still obligated to follow this court's rules and procedures. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

named and served defendant in this action is the Utah County Jail (*see id*.). Based on the Scheduling Order (ECF 9), the deadline for fact discovery closed on May 1, 2025, and the deadline for Plaintiff to file a motion to amend pleadings or join additional parties was February 1, 2025.

## II. LEGAL STANDARDS

Motions for Judgment on the Pleadings are reviewed "under the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Corder v. Lewis Palmer School District No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) (quoting *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)). Therefore, "[i]n reviewing a motion to dismiss, this court must look for plausibility in the complaint. Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face." *Id*. (quoting *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*. (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). The court "accept[s] all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).

## III. DISCUSSION

Defendant's Motion seeks dismissal because it is the only defendant in this action and is an entity that lacks the capacity to be sued (ECF 46 at 3). Plaintiff, in his Response, provides no arguments regarding the Defendant's capacity to be sued (*see* ECF 47 generally).[2]

---

[2] Plaintiff's Response raises issues with the alleged withdrawal of Gregory Hoole as Defendant's counsel (ECF 47 at 1). Gregory Hoole is still named counsel on this matter, and any apparent issues Plaintiff may have with Defendant's counsel are irrelevant to resolving the present Motion.

The law of the state in which the district court sits governs a governmental entity's capacity to sue or be sued. *White v. Utah*, 5 F. Appx. 852, 853 (10th Cir. 2001) (citing Fed. R. Civ. P. 17(b)). "In Utah, a statute expressly provides that a county may sue or be sued, *see* U.C.A. § 17-50-302(2)(a), but there is no statutory or case authority supporting a direct action against a county's subdivisions, including its jails." *Id*. Therefore, even assuming all the allegations in the Complaint are true, Plaintiff has failed to plausibly assert a claim for relief, as the only named Defendant is an entity that cannot be sued.

Therefore, because Plaintiff has not provided any arguments to address this issue and has not requested to amend his Complaint to join additional defendants, and the time to do so has passed, the undersigned finds that Defendant has sufficiently established Plaintiff's Complaint has failed to state a plausible claim for relief.

## IV.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendant's Motion for Judgment on the Pleadings (ECF 46) be GRANTED and Plaintiff's Complaint be DISMISSED.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 13 March 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah