UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT LOUIS BROWN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UTAH COUNTY JAIL,<br><br>　　　　　Defendant. | **ORDER ADOPTING [50] REPORT AND RECOMMENDATION AND GRANTING [46] DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:24-cv-00200-DBB-CMR<br><br>District Judge David Barlow |

Before the court is *pro se* Plaintiff Robert Louis Brown's Objection[1] to the magistrate judge's Report and Recommendation ("Report").[2] On January 27, 2026, Defendant Utah County Jail filed a Motion for Judgment on the Pleadings.[3] On March 13, 2026, the magistrate judge entered a Report recommending that the Motion be granted on the grounds that Utah County Jail is the sole defendant in the matter and is an entity that cannot be sued under Utah law.[4] The magistrate judge also advised Mr. Brown of his right to object to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).[5]

Mr. Brown filed an Objection on March 16, 2026,[6] and he filed a rule 60(b) motion opposing the Report the next day.[7] In order to preserve an issue for de novo review in the district

---

[1] Objection to Report and Recommendation ("Objection"), ECF No. 51, filed Mar. 16, 2026.
[2] Report and Recommendation ("Report"), ECF No. 50, entered Mar. 13, 2026.
[3] Motion for Judgment on the Pleadings ("MJP"), ECF No. 46, filed Jan. 27, 2026.
[4] *Id.* at 3.
[5] *Id.*
[6] Objection.
[7] Rule 60(b) Motion, ECF No. 52, filed Mar. 17, 2026.

court, a party's objection to a magistrate judge's report and recommendation "must be both timely and specific."[8] The majority of Mr. Brown's objections are not specific because they largely address issues that are irrelevant to the Report and are not in dispute.[9] In his Objection, Mr. Brown requests a settlement conference, argues that his 5th Amendment rights were violated, informs the court that a hospital visit prevented him from completing discovery, and takes issue with the fact that Defendant obtained additional counsel and cited to an unpublished case in its Motion.[10] The Rule 60(b) motion, in addition to being inapplicable to the Report, which is not a final judgment,[11] repeats the same inapplicable arguments.[12]

Mr. Brown does assert one relevant objection. He argues that Defendant Utah County Jail can be sued and cites to the case *Price v. Utah County Jail* to support his claim.[13] This argument is easily addressed. The Tenth Circuit has explained that "[t]he law of the state in which the district court sits governs the capacity of a governmental entity to sue or to be sued."[14] "In Utah, a statute expressly provides that a county may sue or be sued, but there is no statutory or case authority supporting a direct action against a county's subdivisions, including its jails."[15] Thus, a county jail is not an entity that can be sued.[16] The case Mr. Brown references, *Price v. Utah County Jail*, supports the magistrate judge's reasoning.[17] There, a *pro se* plaintiff attempted to

---

[8] *United States v. 2121 E. 30th Street,* 73 F.3d 1057, 1060 (10th Cir. 1996).
[9] *See id.*
[10] Objection 1–3.
[11] *See* Fed. R. Civ. P. 60(b).
[12] Rule 60(b) Motion 1–2.
[13] Objection 1.
[14] *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished).
[15] *Id.* (internal citations omitted).
[16] *Id.; see also Aston v. Cunningham*, 216 F.3d 1086 n.3 (10th Cir. 2000) (unpublished) ("Mr. Aston named the Salt Lake County jail as a defendant. Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued."); *McDonald v. Davis Cnty.,* No. 120CV00136JNPDAO, 2021 WL 2940604, at *3 (D. Utah July 13, 2021).
[17] *Price v. Utah Cnty. Jail*, No. 2:24-CV-49-TS, 2025 WL 690351, at *1 (D. Utah Mar. 4, 2025).

sue Utah County Jail.[18] The judge who screened the complaint held that it was deficient because it "improperly name[d] Utah County Jail as a § 1983 defendant, when it is not an independent legal entity that can sue or be sued."[19] Thus, Mr. Brown's single specific objection is unsupported by any argument or legal authority.

Having reviewed the Report, the court concludes that the magistrate judge's analysis regarding Utah County Jail's ability to be sued is legally correct. Plaintiff sued Utah County Jail, not Utah County. Therefore, the court adopts the Report and Recommendation.

## ORDER

Plaintiff's [51] Objection is OVERRULED. The [50] Report and Recommendation is ADOPTED, and Defendant's [46] Motion for Judgment on the Pleadings is GRANTED IN PART. Plaintiff's [1] Complaint is DISMISSED WITHOUT PREJUDICE. As a result, Defendant's [11] Motion for Summary Judgment, Plaintiff's [41] Motion for Judicial Settlement Conference, and Plaintiff's [52] "Motion Rule 60b" are DENIED AS MOOT. The Report and Recommendation at [40] is VACATED AS MOOT. If Plaintiff seeks leave to file an amended complaint, he must do so within 30 days.

Signed March 18, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[18] *Id.*
[19] *Id.*

3